IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,473-01






EX PARTE WILLIE FRANKLIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 16,918-C IN THE 278TH DISTRICT COURT


FROM WALKER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to fourteen years' imprisonment. He did not appeal his conviction.

 Applicant contends that he is being illegally confined. Applicant has alleged facts that, if true,
might entitle him to relief. In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit listing Applicant's sentence begin date and the dates of issuance of any
parole-revocation warrants leading to the revocation of his parole or mandatory supervision. The
affidavit should state whether Applicant is serving a sentence for, or has previously been convicted
of, an offense listed in Tex. Gov't Code § 508.149(a) at the time of his revocation. The affidavit
should also address how much time was remaining on his sentence on the date Applicant was
released to parole or mandatory supervision, and how much time Applicant spent on release before
the issuance of the parole-revocation warrant. The affidavit should state whether Applicant is
receiving credit for any of the time spent on parole or mandatory supervision. Finally, the affidavit
should indicate whether Applicant has submitted his claim to the time credit resolution system of
TDCJ, and if so, the date his claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. C ode Crim.
Proc. art. 26.04.

 The trial court shall then make findings of fact and conclusions of law as to whether
Applicant is being illegally confined. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 22, 2010

Do not publish